**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN J. FERLA, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-1303 (MPS) |
| v. | : | |
| CORRECTIONAL MANAGED HEALTH CARE, | : | OCTOBER 2, 2015 |
|     Defendant. | : | |

**INITIAL REVIEW ORDER**

The plaintiff, John J. Ferla, currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under section 1983 of title 42 of the United States Code. The complaint was received by the court on September 1, 2015, and the plaintiff's motion to proceed *in forma pauperis* was granted on September 4, 2015. The only defendant is Correctional Managed Health Care. The plaintiff contends that he was not provided proper medical care.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.      Allegations

On September 3, 2012, the plaintiff was assaulted at MacDougall Correctional Institution.  He was transported by ambulance to the University of Connecticut Health Center for treatment of his injuries, including an injury to his right knee.  Upon his return, he requested assistance walking into the facility.  The requests were denied.  No medical staff member was present to supervise his escort.

The plaintiff was placed in segregation and assigned a top bunk.  The plaintiff informed correctional staff that he was unable to climb to the top bunk.  The assignment was not changed.  The plaintiff slept on the floor for the fourteen days he was confined in segregation.  While in segregation, the plaintiff requested pain medication.  He was given ibuprofen instead of the medication prescribed by the doctor.  The plaintiff also had to hop to the shower.

A few days after he was placed in segregation, medical staff saw the plaintiff.  They placed him on the list to see the dentist for damage to his teeth and on another list to have an orthopedist check his knee.  About two weeks later, the plaintiff was transferred to Cheshire Correctional Institution.

At Cheshire Correctional Institution, the plaintiff saw a medical worker during the intake process and was placed on the medical list.  Dr. Ruiz immediately gave him crutches, a bottom

bunk pass, a bottom tier pass, and a sleeve. Dr. Ruiz also prescribed ibuprofen 800, scheduled x-rays, and placed the plaintiff on a list to see the orthopedist. Within a month, the plaintiff saw the orthopedist. After reviewing the x-rays and examining the plaintiff, the orthopedist recommended an MRI and follow-up x-rays. At a second visit, the orthopedist diagnosed a torn and detached MCL. The plaintiff received a hinged brace and was directed to transition from crutches to a cane. A follow-up visit was recommended in six to eight months.

The plaintiff was transferred to Osborn Correctional Institution. At the follow-up visit, the orthopedist told the plaintiff to continue using the brace, cane, and current medication. He recommended another examination in six months. While at Osborn Correctional Institution, the plaintiff has experienced difficulties getting his medication on a regular basis and being seen at sick call for pain or issues relating to his knee. He only was able to see a doctor when his family contacted the Director of Correctional Managed Health Care. He has not returned to the orthopedist for 16-18 months. On August 24, 2015, the request for orthopedic referral was denied with a notation that the plaintiff could obtain corrective surgery after his release from custody.

II.     Analysis

The only defendant is Correctional Managed Health Care, a division of the University of Connecticut Health Center. Like other state agencies, the University of Connecticut Health Center is not a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agency are not persons within the meaning of section 1983); *Francilme v. Department of Corrections*, No. 3:14-cv-808 (SRU), 2014 WL 5420789, at *3 (D. Conn. Oct. 22, 2014) (holding that University of Connecticut Health Center is

not a person within the meaning of section 1983). As the University of Connecticut Health Center is not considered a person and, therefore, is not subject to suit under section 1983, Correctional Managed Health Care, a division of the Health Center, is not a person within the meaning of section 1983. *See Meadors v. Schneider*, No. 4:10CV582 MLM, 2010 WL 1838976, at *2 (E.D. Mo. May 6, 2010) ("divisions or subdivisions of state agencies are not "persons" subject to a suit under § 1983"). All claims against Correctional Managed Health Care are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

     To establish a claim for deliberate indifference to a serious medical need, the plaintiff must show both that his medical need is serious and that the defendants acted with sufficiently culpable states of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104-05 (1976)). There are both subjective and objective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration, or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id*. Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference. *See Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

The plaintiff alleges that he had x-rays, an MRI, and several orthopedic consults. He was provided crutches, a cane, a special hinged brace for his knee, and some pain medication. Where, as here, the dispute is not the denial of all treatment but the type of treatment provided, deliberate indifference will not be found unless "the medical attention rendered [was] so woefully inadequate as to amount to no treatment at all." *Gay v. Terrell*, No. 12-CV-02925(CBA)(VMS), 2013 WL 5437045, at *19 (E.D.N.Y. Sept. 27, 2013) (citation omitted). Prison doctors have broad discretion in determining the appropriate medical treatment. Inmates do not have a right to the treatment of their choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Thus, disagreements regarding choice of treatment generally are not actionable under section 1983 unless that medical judgment has no sound medical basis. *See Stevens v. Goord*, 535 F. Supp. 2d 373, 388 (S.D.N.Y. 2008); *see also Jordan v. Fischer*, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011) ("Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment."). If, however, the treatment choice is based solely on cost, the prisoner may state a cognizable claim. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("In certain instances, a physician may be deliberately indifferent if he or she consciously chooses 'an easier and less efficacious' treatment plan.").

In his complaint, the plaintiff refers to a comment that he can obtain surgery after his release. He does not indicate who made that statement. Nor does the plaintiff allege that the prison doctors ignored a recommendation for surgery from the orthopedist. If the plaintiff can allege facts showing that a medical provider denied surgery solely for cost-saving purposes, he may be able to state a cognizable claim. Accordingly, the Court will afford the plaintiff the

5

opportunity to file an amended complaint identifying proper defendants and alleging facts to support a claim for deliberate indifference to a serious medical need. The amended complaint shall be filed within thirty days from the date of this order. Failure to timely file an amended complaint will result in the dismissal of this case.

III.     Conclusion

All claims against Correctional Managed Health Care are **DISMISSED** pursuant to 18 U.S.C. § 1915A(b)(1).

The plaintiff is afforded **thirty (30) days** to file an amended complaint identifying proper defendants and alleging facts to support a cognizable claim for deliberate indifference to a serious medical need.

If no amended complaint is filed within the time specified, the Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 2nd day of October 2015 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge